**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                                          **Case 2:25-cr-20381-BCL**

**JAYDEN BRYANT,**

**Defendant.**

---

**REPORT AND RECOMMENDATION ON MOTION FOR BILL OF PARTICULARS**

---

Before the Court is Defendant Jayden Bryant's Motion for Bill of Particulars filed pursuant to Rules 7(f) and 12(b) of the Federal Rules of Criminal Procedure. (Docket Entry ("D.E." #55). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #58). For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Bill of Particulars be DENIED.

### I.      Background

On November 18, 2025, a grand jury of this Court returned a one-count Indictment against Defendant charging him with production and attempted production of child pornography in violation of Title 18, United States Code, Sections 2251(a) and 2251(e). (D.E. #2). The Indictment charges that the alleged offense occurred "[o]n or about June 25, 2025" in the Western District of Tennessee. The Indictment further charges that Defendant "knowingly employed, used, persuaded, induced, and coerced, and knowingly attempted to employ, use, persuade, induce, entice and coerce a minor female . . . to engage in sexually explicit conduct . . . for the purpose of

producing a visual depiction of such conduct" using materials that were mailed, shipped, and transported in and effecting interstate commerce. The Indictment sets forth the Government's notice of intent to seek forfeiture of specifically listed items related to the commission of the offense pursuant to 18 U.S.C. § 2253.

On April 8, 2026, Defendant filed the instant motion arguing that the Indictment is unclear as to what actions Defendant is alleged to have taken or attempted to take to persuade the minor female to produce the sexual material. Defendant argues that the current Indictment allows the Government to prove its case "in a plethora of scenarios," which he argues does not allow him sufficient notice to prepare his defense. Thus, Defendant requests that this Court order that a bill of particulars be required for him to understand the following: (1) what the Government intends to prove in their assertion that Defendant produced or attempted to produce child pornography; (2) how Defendant produced or attempted to produce child pornography; and, (3) by what mode or medium Defendant produced or attempted to produce child pornography.

On April 28, 2026, the Government filed its Response in Opposition to Defendant's Motion for Bill of Particulars. (D.E. #65). The Government argues that the information set forth in the Indictment is sufficient for Defendant to prepare his defense and avoid prejudicial surprise at trial. The Government further argues that a defendant is not entitled to a bill of particulars when the information is available through other sources. The Government asserts that there has been extensive discovery provided in this case, including the opportunity for Defendant to view "the exchange at issue from both the minor victim and Defendant's phone extractions." The Government argues that Defendant's other filings in this case, including his Motion to Dismiss, evidence that he has a factual understanding of the Government's allegations, even though the Government explains that Defendant characterizes the evidence differently than it does.

2

### II.       Proposed Analysis and Conclusions of Law

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time of the court permits.  This rule exists to protect a defendant from unfair surprise about the nature of the charge against him and to ensure that he can later assert his double-jeopardy right to not be indicted for the same offense again.  *United States v. Harvel*, 115 F.4th 714, (6t Cir. 2024) (citing *United States v Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)).  If the indictment already satisfies this goal, a bill of particulars is not warranted, and the defendant may not request a bill as a mere tool to obtain evidence outside the normal channels.  *Harvel*, 529 F.2d at 108 (citations omitted).

In *United States v. Poulin*, 588 F. Supp. 2d 64, 67 (D. Maine 2008), the district court considered when a bill of particulars would be appropriate if the defendant is charged with violations of Section 2251, as Defendant is here.  The *Poulin* court held that the indictment there was sufficient because it contained the following: (1) the date when the Government claims the offense began; (2) the date when it claims the offense ended; (3) the place—within the District of Maine—the government claims the offense was committed; (4) the specific nature of the offense— using a minor to engage in sexually explicit conduct to produce a visual depiction of that conduct; (5) the interstate or foreign nexus the Government is claiming; (6) the statute under which the defendant is being charged; and, (7) the penalty provision, Section 2251(e).

The Indictment here contains the same information.  The Indictment states that the offense occurred on or about June 25, 2025 in the Western District of Tennessee. The Indictment charges that Defendant "knowingly employed, used, persuaded, induced, and coerced, and knowingly attempted to employ, use, persuade, induce, entice and coerce a minor female . . . to engage in sexually explicit conduct . . . for the purpose of producing a visual depiction of such conduct."

3

The Indictment further charges that, "said visual depiction [was] produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce." The Indictment cites the statute under which Defendant is being charged (Section 2251(a)), the statute that contains the definition of "sexually explicit conduct" (Section 2256(2)(A)), and the penalty provision (Section 2251(e)). It further specifies the Government's notice of intent to seek forfeiture, specifies the categories of property it believes should be forfeited by virtue of the commission of the offense, and cites the statutes which it assets permit this relief. (21 U.S.C. §853(p) & 18 U.S.C. § 2253).

The *Poulin* court further noted that, "[b]y its very nature, the crime of sexual exploitation of a minor carries with it an unusual degree of specificity" because the terms used in the offense all have specific statutory definitions, all of which are incorporated into the indictment. *Poulin*, 588 F. Supp. 2d at 67. Thus, "[o]nce the language of the Indictment is expanded by its statutory definitions," the nature of the offense charged in the Indictment gains even more specificity. *Id*.

Additionally, an indictment under Section 2251(a) is considered to inform the defendant "by what it does not allege" so long as it specifies which of three jurisdictional triggers the Government is alleging. *Id*. at 68. Here, the Government has charged that the visual depiction was produced using materials that were mailed, shipped, or transported in or affecting interstate commerce.

Defendant contends that "[w]hat is unclear from the Indictment is what actions [Defendant] undertook in order to persuade the minor female to produce the sexual material." Defendant also contends that the Indictment does not advise how or by what medium defendant produced or attempted to produce visual depictions of sexually explicit conduct. However, Defendant has cited no authority for its proposition that these details must be provided in the Indictment. He has not

4

articulated why he believes he would be unable to defend himself at trial, or how this Indictment is so unclear that he could not later assert his double-jeopardy rights.

Finally, the Government notes that it has provided extensive discovery and that "Defendant has had the opportunity to view the exchange at issue from both the minor victim and Defendant's phone extractions." Defendant appears to have detailed his understanding of this evidence in his Motion to Dismiss Indictment, where he discusses that the Government's allegations surround a social media interaction and subsequent text message communications on or about June 25, 2025 with one minor female.

While Defendant apparently disagrees with the Government's contention that the exchange contains a visual depiction of sexually explicit conduct, this is not a relevant question for a bill of particulars. Instead, as the *Poulin* court noted, when the appropriate discovery has been provided to the defendant, it weighs against the need for a bill of particulars. *Poulin*, 588 F. Supp. 2d at 69. Thus, for this additional reason, Defendant is not entitled to a bill of particulars because the evidence that forms the basis of the Government's charge against him has been made available to him through other sources. *See United States v. Briggs*, 2023 WL 8854773, No. 3:23-CR-25-KAC-DCP, at *2 (E.D. Tenn. Dec. 21, 2025) (quoting *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, *United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000)); *United States v. Higdon*, 68 F. Supp. 3d 807, 811 (E.D. Tenn. 2014) (citing *Paulino*, 935 F.3d at 750).

**III.    Conclusion**

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Bill of Particulars be DENIED.

**Signed** this 9th day of July, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**